# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **ELIZABETH MONTOYA DE MEDINA,** <br><br> Plaintiff, <br><br> v. <br><br> **MICHAEL J. ASTRUE,** **Commissioner of Social Security,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:10-cv-1120-DBP <br><br><br> Magistrate Judge Dustin B. Pead |

Both parties in this case consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (*See* docket no. 15-16.) Consequently, this case has been assigned to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure. (*See* docket no. 25.)

Before the court is Elizabeth Montoya De Medina's ("Plaintiff") appeal of Michael J. Astrue's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff was born in 1955, is a high school graduate with one year of college education, and has additional training as a cosmetologist. (*See* docket no. 9, Administrative Record ("Tr. ____") 106, 124-25.) Plaintiff has past relevant work as a production line worker and a teacher's assistant. (*See* Tr. 121.) She alleges she has been unable to work since June 10, 2005, because of back problems, depression, anxiety, and carpal tunnel syndrome. (*See* Tr. 120.)

On September 24, 2007, Plaintiff applied for DIB, alleging disability beginning on June 10, 2005. (*See* Tr. 106-108.) Plaintiff's application was denied initially and upon reconsideration. (*See* Tr. 43-44.) January 26, 2008, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and that hearing was held on February 24, 2009. (*See* Tr. 56-57, 20-42.) On March 12, 2009, the ALJ issued a written decision denying Plaintiff's claim for DIB. (*See* Tr. 8-19.) On September 21, 2010, the Appeals Council denied Plaintiff's request for review, (*see* Tr. 1-3), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

On November 10, 2010, Plaintiff filed her complaint in this case. (*See* docket no. 3.) Plaintiff's counsel failed to serve the complaint on the Commissioner within the time allotted by the Federal Rules of Civil Procedure. Consequently, Plaintiff's counsel filed a motion for leave to amend the complaint, (*see* docket no. 4), presumably because he believed that the filing of an amended complaint would somehow provide him with additional time to serve the complaint. On August 24, 2011, the court issued an order informing Plaintiff's counsel that the more prudent course of action would have been to file a motion for extension of time to serve the

complaint on the Commissioner. (*See* docket no. 6.) In that same order, the court denied Plaintiff's motion to amend the complaint, but provided Plaintiff with thirty days to effect proper service on the Commissioner. (*See id*.) On October 14, 2011, Plaintiff filed notice of proper service of the complaint. (*See* docket no. 7.) The Commissioner then filed his answer on October 20, 2011, and the court received the Administrative Record the same day. (*See* docket nos. 8-9.) Plaintiff filed her opening brief on December 2, 2011. (*See* docket no. 17.) After receiving two extensions of time, the Commissioner filed his responsive brief on March 1, 2012. (*See* docket nos. 18-22.) Plaintiff filed her reply brief on March 17, 2012. (*See* docket no. 23.)

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been

followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20

C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred by: (1) failing to conclude that Plaintiff's anxiety and depression were severe impairments at step two of the sequential evaluation process, (2) determining that Plaintiff had the RFC to perform light work and to return to her past relevant work, (3) failing to evaluate Plaintiff's mental impairments in accordance with 20 C.F.R. § 404.1520a, and (4) failing to determine that Plaintiff was disabled as a matter of law under the Medical-Vocational Guidelines. *See* 20 C.F.R. § 404, Subpart P, Appendix 2. The court will address Plaintiff's arguments in turn.

### I. Step Two

Plaintiff first argues that the ALJ erred at step two of the sequential evaluation process by failing to conclude that Plaintiff's anxiety and depression were severe impairments. The Tenth Circuit has stated that "a claimant is required to establish, and an ALJ is required to find, only one severe impairment" at step two. *See Dray v. Astrue*, 353 Fed. App'x 147, 149 (10th Cir. 2009). The *Dray* court went on to state:

> By their plain terms, the regulations require a claimant to show only "*a* severe" impairment--that is, *one* severe impairment--in order to avoid a denial of benefits at step two. As long as the ALJ finds one severe impairment, the ALJ may not deny benefits at step two but must proceed to the next step. Accordingly, the failure to find a particular impairment severe at step two is not reversible error as long as the ALJ finds that at least one other impairment is severe.

*Id*; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii); *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007).

In this case, the ALJ determined that Plaintiff had several severe impairments at step two. (*See* Tr. 13-14.) Accordingly, his failure to conclude that Plaintiff's anxiety and depression were severe impairments is not reversible error. *See Dray*, 353 Fed. App'x at 149.

### II. RFC

Plaintiff argues that the ALJ erred by determining that Plaintiff had the RFC to perform light work and to return to her past relevant work. Although Plaintiff couches her argument in those terms, she essentially argues that the ALJ erred in evaluating the opinions of one of Plaintiff's treating physicians, Dr. Lori Witter ("Dr. Witter").

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §] 404.1527. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 404.1527(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham*, 509 F.3d at 1257 (stating that when an ALJ does not discuss every factor, it "does not

7

prevent this court from according his decision meaningful review"). And, as with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

As noted above, the crux of Plaintiff's argument is that the ALJ erred by assigning little weight to the opinions of Dr. Witter. The court disagrees. The ALJ's evaluation of Dr. Witter's opinions was properly based upon the fact that those opinions were not well supported. *See* 20 C.F.R. § 404.1527(c)(3). Specifically, the ALJ noted that Dr. Witter's opinions were not supported by any explanations, other medical records, or any objective testing. (*See* Tr. 17). The ALJ also noted that Dr. Witter's opinions consisted of little more than circles and checkmarks on a preprinted form. (*See id.*) Furthermore, Dr. Witter's opinions about specific work-related limitations are not dispositive because the determination of Plaintiff's RFC issue is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(2); SSR 96-5; *see also Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record.").

To the extent that Plaintiff attempts to reargue the weight of the evidence before the ALJ on this issue, the court emphasizes that it is not the role of this court to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham*, 509 F.3d

at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

Based on the foregoing, the court concludes that the ALJ did not err in his treatment of the opinions of Dr. Witter.

### III. 20 C.F.R. § 404.1520a

Plaintiff argues that the ALJ erred by failing evaluate Plaintiff's mental impairments in accordance with 20 C.F.R. § 404.1520a. "When confronted with a claim of mental impairment, the ALJ must apply a 'special technique.'" *Mushero v. Astrue*, 384 Fed. App'x 693, 694 (10th Cir. 2010) (unpublished); *see also* 20 C.F.R. § 404.1520a. Under that special technique, "once a claimant has established a medically determinable mental impairment, the ALJ must 'rate the degree of functional limitation resulting from the impairment(s).'" *Mushero*, 384 Fed. App'x at 694 (quoting 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2)). "The ALJ does this by rating the claimant's limitations in 'four broad functional areas,' which are '[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.' The ALJ then uses the functional-limitation ratings to determine the severity of the mental impairment(s)." *Id*. at 694-95 (quoting 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3)) (alteration in original); *see also* 20 C.F.R. § 404.1520a(d). In order to demonstrate that the special technique was applied, an ALJ's "written decision must incorporate the pertinent findings and conclusions based on the technique. . . . The decision must include a specific finding as to the degree of limitation in each of the functional areas." 20 C.F.R. § 404.1520a(e)(4); *see also Mushero*, 384 Fed. App'x at 395.

9

Plaintiff contends that the ALJ failed to make the four findings required by 20 C.F.R. § 404.1520a.  However, as noted by the Commissioner, a review of the ALJ's decision establishes that the ALJ did indeed make the four required findings.  (*See* Tr. 14.)  In his decision, the ALJ referred to the testimony of a medical expert who testified during the hearing, Dr. Thomas E. Atkin ("Dr. Atkin").  (*See id.*)  Dr. Atkin assessed the severity of Plaintiff's mental impairments and determined that Plaintiff had only mild limitations in the areas of activities of daily living; social functioning; and concentration, persistence, or pace.  (*See id.*)  Dr. Atkin also determined that Plaintiff had experienced only one or two episodes of decompensation.  (*See id.*)  The ALJ stated in his decision that he agreed with Dr. Atkin's opinions and adopted them as his own findings.  (*See id.*)  Based on those findings, the ALJ concluded that Plaintiff's mental impairments were non-severe in nature.  (*See id.*)

For these reasons, the court concludes that the ALJ did in fact evaluate Plaintiff's mental impairments in accordance with 20 C.F.R. § 404.1520a.  Accordingly, Plaintiff's argument that the ALJ erred in that respect fails.

### IV.  Medical-Vocational Guidelines

Finally, Plaintiff argues that the ALJ erred by failing to determine that Plaintiff was disabled as a matter of law under the Medical-Vocational Guidelines.  *See* 20 C.F.R. § 404, Subpart P, Appendix 2.  In this case, the ALJ concluded his analysis at step four of the sequential evaluation process when he determined that Plaintiff could perform her past relevant work as a small parts assembler.  (*See* Tr. 19.)  Because the Medical-Vocational deadlines are used only at step five of the sequential evaluation process, they were inapplicable in this case.  *See, e.g.*,

*Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994) ("The Medical-Vocational Guidelines are inapplicable because they apply only at step five of the evaluation."); *see also* 20 C.F.R. § 404.1520(a)   Accordingly, Plaintiff's argument on this point fails.

## CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail.  Therefore, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2012.

BY THE COURT:

_____
DUSTIN B. PEAD
United States Magistrate Judge